IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

SCOTT A.,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

No. 6:25-cv-01074-HL

**OPINION AND ORDER**

---

HALLMAN, United States Magistrate Judge.

Scott A. challenges the Commissioner's final decision denying his applications for disability benefits and supplemental security income. Plaintiff argues that the Administrative Law Judge ("ALJ") erred by discounting his subjective symptom testimony and the medical opinions of Bikash Adhikari, D.O., and Derek Leinenbach, M.D. Pl. Br. at 3, ECF 14. This Court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v.*

*Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

**A.** ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ did not provide clear and convincing reasons for discounting his subjective symptom testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (explaining that if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony).

Plaintiff testified that he was receiving treatment for post-traumatic stress disorder (PTSD), depression, and anxiety. Transcript of the Administrative Record, ECF 8 ("Tr.") 1079. Because of his anxiety, he only left his home for medical appointments. Tr. 1083. In addition, Plaintiff testified that he had chronic obstructive pulmonary disease ("COPD") and asthma, which made it difficult for him to walk long distances or uphill. Tr. 1080.

The Court concludes that the ALJ provided two specific, clear and convincing reasons to discount Plaintiff's subjective symptom testimony concerning his mental and physical impairments.

First, substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were "effectively treated with medications." Tr. 1057; *see* 20 C.F.R. § 404.1529(c)(3) (providing that an ALJ may consider a claimant's treatment and medications when evaluating symptom testimony). Although the ALJ acknowledged that Plaintiff had been diagnosed with major depressive disorder and PTSD and that he experienced nightmares and depressed mood, the ALJ

found that Plaintiff's impairments had been treated and that he "discontinue[d] therapy with no increase in symptoms." Tr. 1056-57.

The ALJ reasonably relied on the medical record as a whole to discount Plaintiff's testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of [the patient's] symptoms."). Here, the ALJ cited Plaintiff's primary care physician's chart notes showing that Plaintiff's PTSD had been stable for more than two years. Tr. 1884, 1887, 1893, 1902, 1974. Plaintiff's psychiatric chart notes also provided that Plaintiff's PTSD and depression were "controlled." Tr. 591, 2191 (stating that Plaintiff's depression was "in remission" and that his PTSD was "mild with treatment"). In addition, Plaintiff testified that he stopped therapy more than two years earlier because "it was just covering the same territory," even though the record shows that a psychiatrist recommended that he continue therapy. Tr. 1079, 2883, 2893. Because substantial evidence supports the ALJ's finding that Plaintiff's mental health symptoms improved with treatment, that rationale constitutes a specific, clear and convincing reason to discount Plaintiff's mental health symptom testimony. *See Niemi v. Saul*, 829 F. App'x 831, 832 (9th Cir. 2020) (concluding that the ALJ did not err in relying on the claimant's improvement with "sustained" mental health treatment to discount the claimant's subjective testimony); *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.").

Second, substantial evidence supports the ALJ's finding that Plaintiff's testimony concerning his physical impairments was inconsistent with the medical evidence. Tr. 1057; *see*

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." (emphasis in original)).

After acknowledging that Plaintiff had a respiratory impairment, the ALJ found that Plaintiff "has not received the level of treatment one would expect of an individual disabled by asthma or COPD" and that Plaintiff's COPD was treated by medications "with no noted complications." Tr. 1057. The ALJ cited evidence that Plaintiff told his pulmonary specialist that he was "doing well from a pulmonary standpoint." Tr. 1026. The pulmonary specialist's records indicate that Plaintiff had "clear, decreased breath sounds" and that he was not in respiratory distress. Tr. 1797, 2548. Moreover, the specialist noted that Plaintiff had "no problem with medications" and encouraged Plaintiff to exercise. Tr. 1798. Because the ALJ linked specific inconsistencies between Plaintiff's testimony and the objective medical evidence and those findings are supported by substantial evidence, that rationale provides a specific, clear and convincing reason to discount Plaintiff's symptom testimony. *See Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (concluding that the ALJ did not err in discounting the plaintiff's testimony about back and neck pain when "all x-rays, CT scans, and myelograms were normal"); *Patricia S. v. Berryhill*, No. 3:18-CV-617-SI, 2019 WL 281293, at *6 (D. Or. Jan. 22, 2019) (holding that the ALJ did not err in discounting the plaintiff's subjective symptom testimony when the plaintiff's COPD was "manageable," she "never required emergency treatment nor has

she required physician intervention for her COPD, and she has not reported significant problems due to her COPD”).[1]

**B.** ***Medical Evidence.*** Plaintiff contends that the ALJ erred in discounting the medical opinions of Bikash Adhikari, D.O., and Derek Leinenbach, M.D. Pl. Br. at 3. An ALJ must explain how persuasive the ALJ finds a medical opinion and how the ALJ “considered the supportability and consistency factors.” 20 C.F.R. § 404.1520c(b)(2). “Supportability means the extent to which a medical source supports the medical opinion by explaining the ‘relevant . . . objective medical evidence.’” *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c). Regarding consistency, “[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s).” 20 C.F.R. § 404.1520c(c)(2). “[A]n ALJ cannot reject an examining or treating doctor’s opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.” *Woods*, 32 F.4th at 792.

**1.** **Bikash Adhikari, D.O.** Adhikari performed a psychological evaluation of Plaintiff in June 2024. Tr. 2558. Although the ALJ was persuaded by Adhikari’s opinion that Plaintiff could perform simple tasks, the ALJ did not fully credit Adhikari’s opinion regarding Plaintiff’s limitations. Tr. 1058. The Court concludes that the ALJ adequately explained the supportability and consistency factors, and that the ALJ’s evaluation of the medical opinion is supported by substantial evidence.

[1] The ALJ also relied on Plaintiff’s activities to discount Plaintiff’s subjective symptom testimony. Tr. 1057. The Court need not reach that rationale because the ALJ provided other specific, clear and convincing reasons for discounting Plaintiff’s testimony.

With respect to supportability, the ALJ found that Adhikari's findings were internally inconsistent. Tr. 1058. After examining Plaintiff, Adhikari found that Plaintiff was "euthymic, mood congruent, [and] mildly anxious" and that his limitations mildly affected his ability to "[t]olerate the stress/pressures associated with day-to-day work activity." Tr. 2561, 2563. However, Adhikari indicated on an attached checkbox form that Plaintiff's "increased anxiety, hypervigilance, and panic attacks" markedly affected his ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting." Tr. 2565. Because Adhikari did not explain the discrepancy between those conflicting findings, the ALJ reasonably relied on that inconsistency to find that Adhikari's opinion lacked supportability. *See Kitchen*, 82 F.4th at 740 ("[A]n ALJ may discount a doctor's opinions that are inconsistent with or unsupported by the doctor's own clinical findings."). The ALJ therefore provided an adequate explanation supported by substantial evidence as to the supportability of Adhikari's opinion. *Id.*

With respect to consistency, the ALJ found that Adhikari's opinion was inconsistent with the medical evidence. Tr. 1058; *see Woods*, 32 F.4th at 793 (explaining that an ALJ reasonably rejects a physician's opinion when it is inconsistent with "overall treating notes" and "exams in the record"). Although Adhikari opined that Plaintiff's panic attacks and anxiety affected his ability to work with others, the ALJ pointed to Plaintiff's psychiatric records, which provided that Plaintiff's PTSD and depression were "controlled" and that his mood was consistently "neutral/euthymic." Tr. 591, 1689, 1700, 2191. In addition, Plaintiff's primary care physician's chart notes indicated that Plaintiff's PTSD had been stable for more than two years. Tr. 1884, 1887, 1893, 1902, 1974. Consequently, substantial evidence supports the ALJ's finding that Adhikari's conclusion was inconsistent with medical sources in the record. Because the ALJ's

interpretation of the record was rational and supported by substantial evidence, the Court may not engage in second-guessing. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

**2. Derek Leinenbach, M.D.** Leinenbach evaluated Plaintiff in June 2023. Tr. 2311. Leinenbach concluded that, due to Plaintiff's asthma and COPD, Plaintiff could walk up to four hours during an eight-hour work day. Tr. 2314. Leinenbach also opined that Plaintiff could lift up to 20 pounds occasionally and up to 10 pounds frequently. Tr. 2314. The ALJ found Leinenbach's opinion partially persuasive. Tr. 1058. Although the ALJ was persuaded that Plaintiff "should avoid pulmonary irritants due to his respiratory impairment," the ALJ rejected Leinenbach's walking and lifting restrictions. Tr. 1058. The Court concludes that the ALJ erred in discounting Leinenbach's opinion.

With respect to supportability, substantial evidence does not support the ALJ's finding that Leinenbach's walking and lifting limitations were unsupported by Plaintiff's examination results. Although Leinenbach attributed those limitations to Plaintiff's COPD and asthma, the ALJ relied on Plaintiff's normal motor strength and range of motion to discount Leinenbach's recommendations. Tr. 1058, 2314. Because the ALJ failed to address the examination results relevant to Plaintiff's COPD, such as the respiratory findings, the ALJ's finding is not supported by substantial evidence. *See* Tr. 2312 (indicating that Plaintiff had "reduced air flow in the bilateral upper lungs"); *Woods*, 32 F.4th at 791-92 (explaining that the supportability factor considers "the extent to which a medical source supports the medical opinion by explaining the relevant . . . objective medical evidence" (internal quotation marks omitted); *Janet B. v. Kijakazi*,

No. 3:22-CV-1099-SI, 2023 WL 6891339, at *8 (D. Or. Oct. 19, 2023) (holding that the ALJ failed to adequately explain the supportability factor when the ALJ "did not address medical records that supported [the physician's] opinion").

With respect to consistency, the ALJ found that Leinenbach's lifting recommendations were inconsistent with other medical evidence because Plaintiff's "COPD is well controlled on medication." Tr. 1058. As explained above, substantial evidence supports that finding. However, the ALJ erred in failing to address whether Leinenbach's walking recommendation was consistent with other medical evidence. *See* Tr. 1058; 20 C.F.R. § 404.1520c(b)(2) (requiring an ALJ to explain the consistency factor when evaluating a medical opinion).

Because the ALJ did not adequately explain the supportability or consistency factors, the ALJ erred in discounting Leinenbach's opinion. *See Woods*, 32 F.4th at 792 ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").[2]

**C.** ***Remedy.*** The Court concludes that remand for further administrative proceedings is necessary because the ALJ erred in discounting Leinenbach's opinion. Although Plaintiff asks the Court to credit Leinenbach's opinion as true and to remand the case for an award of benefits,

[2] The Court is unpersuaded by Plaintiff's argument that "Leinenbach's opinion is *per se* disabling pursuant to Rule 202.06 of the Medical-Vocational Guidelines." Pl. Br. at 12. The relevant regulations require an ALJ to consider a claimant's age as a vocational factor at step five of the sequential evaluation process, not when evaluating medical opinion evidence to determine a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(1) ("This section explains the five-step sequential evaluation process we use to decide whether you are disabled."); 20 C.F.R. § 404.1520c(c) (listing the factors an ALJ considers when evaluating medical opinions); 20 C.F.R. § 404.1520(g)(1) ("If we find that you cannot do your past relevant work because you have a severe impairment(s) . . . we will consider the same residual functional capacity assessment we made under paragraph (e) of this section, together with your vocational factors (your age, education, and work experience).").

the Court concludes that this case is not one of the rare circumstances where remand for award of benefits is appropriate. *See Treichler v. Comm'r, Soc. Sec. Admin*., 775 F.3d 1090, 1099 (9th Cir. 2014) (explaining that when "the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *see also Jayson C. v. Comm'r, Soc. Sec. Admin.*, No. 1:25-CV-00168-YY, 2026 WL 2581470, at *3 (D. Or. Sept. 1, 2026) ("The credit-as-true analysis does not eliminate the ordinary remand rule." (citing *Treichler,* 775 F.3d at 1098)). Consequently, the Court remands the case for the ALJ to evaluate Leinenbach's medical opinion concerning Plaintiff's physical impairments and to address the opinion's supportability and consistency with the record.

**CONCLUSION**

The Commissioner's decision is REVERSED and REMANDED for further proceedings. DATED this 4th day of November, 2026.

/s/ Andrew Hallman
ANDREW HALLMAN
United States Magistrate Judge